IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO LAREDO, ) | |
| ID # 642969, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:06-CV-0491-D (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

Petitioner is an inmate currently incarcerated in the state prison system. In March 2006, he filed the instant action under 28 U.S.C. § 2254 and moved to proceed *in forma pauperis*. The Court found that the motion to proceed *in forma pauperis* should be denied because payment of the filing fee would not impose undue financial hardship upon petitioner. (*See* Order of Mar. 31, 2006.) However, the Court deemed it appropriate to grant petitioner thirty days to pay the full filing fee to the Clerk of the Court before recommending that *in forma pauperis* be denied. (*Id.*) The Court also admonished petitioner that failure to pay the filing fee within the time allotted would result in a recommendation that *in forma pauperis* be denied and that this action be dismissed without

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

prejudice for failure to comply with a court order under Fed. R. Civ. P. 41(b). (*Id.*) To date, petitioner has not paid the requisite filing fee.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *see also* 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual [petitioners'] financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Petitioner's trust fund account statement indicates that his balance at the time of its filing was $108.02. Petitioner does not indicate that he has any other demands on his financial resources. The Court, therefore, concludes that petitioner will not suffer undue financial hardship after payment of the $5.00 filing fee. Consequently, the Court should deny the motion to proceed *in forma pauperis*.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to comply with the Order of March 31, 2006, that he pay the filing fee within thirty days. Accordingly, the Court should dismiss this action without prejudice for failure to follow an order of the Court.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court deny petitioner's motion to proceed *in forma pauperis* and dismiss this action without prejudice for failure to comply with an order of the Court pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 6th day of September, 2006.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3